# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEFFREY PATROIL SONGER,** | ) |
| Plaintiff, | ) Case No. 7:18CV00491 |
| v. | ) **OPINION** |
| | ) By: James P. Jones |
| **BILLY OVERTON, ET AL.,** | ) United States District Judge |
| Defendants. | ) |

*Jeffrey Patroil Songer, Pro Se Plaintiff.*

The plaintiff, Jeffrey Patroil Songer, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Songer alleges that as part of a conspiracy among public officials in Franklin County, Virginia, Songer was unlawfully banned from the county as part of his sentence for a drug trafficking conviction. Songer has applied to proceed in forma pauperis in this action, pursuant to 28 U.S.C. § 1915(b), and I will grant that application.[1] Upon review of the complaint, however, I conclude that the action must be summarily dismissed.

---

[1] I note that a prisoner litigant who is granted in forma pauperis under § 1915 must still pay the full filing fee for the case, but may do so through installment payments from his inmate trust account. 28 U.S.C. § 1915(b).

According to Songer's allegations and state court records online, he was convicted in the Franklin County Circuit Court for manufacturing methamphetamine, third offense. On August 27, 2018, that court sentenced Songer to twenty years in prison, with sixteen years and one month of that term suspended. The sentence also includes supervised probation. At sentencing, Songer was banned from entering Franklin County for the length of his sentence.[2]

In his § 1983 Complaint, Songer sues a Franklin County prosecutor, several law enforcement officials of the Franklin County Sheriff's Department, and the superintendant of the Western Virginia Regional Jail. He alleges that these officials are corrupt and describes, in conclusory terms, several past incidents and elections that did not involve Songer in any way. Ultimately, Songer alleges that all of these defendants conspired to deprive him of a list of federal constitutional and statutory rights by banning him from his home county. As relief, Songer seeks

---

[2] Songer does not provide documentation showing the particular components of his sentence and the conditions of early release. According to a local newspaper article, however, sixteen years and one month of Songer's sentence was "suspended, provided he stays on 'good behavior' after he serves three years and eleven months. In Songer's case, Commonwealth's Attorney A. J. Dudley set the criteria for Songer's 'good behavior' to include a requirement that he never return to Franklin County." Staff Reports, *Drug Dealer Banned from County*, The Franklin News-Post (Sept. 5, 2018), https://www.thefranklinnewspost.com/news/drug-dealer-banned-from-county/article_13f071c-b102-11e8-b033-b35a3bb341d4.html. Court records in the county show multiple drug trafficking charges and convictions against Songer, dating back to 1988. The article continued, "'Because the good behavior is enforceable for twenty years, given Mr. Songer's age, I doubt we see him here ever again,' Dudley said. 'If we can prove otherwise, we will ask the court to impose the remaining 16 years.'" *Id.*

declaratory relief stating that the ban is unconstitutional, an injunction directing the defendants to remove the ban, and compensatory damages.

I am unable to grant the relief that Songer seeks. In essence, he is appealing to this federal trial court, seeking reversal of a sentencing order issued by the Franklin County Circuit Court and compensatory damages for a sentence that court imposed. Lower federal courts, like this one, do not have jurisdiction to review the judgments of state courts on appeal. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. *Plyler*, 129 F.3d at 731; 28 U.S.C. § 1257. Thus, I have no jurisdiction under § 1983 to address Songer's contention that a condition of release imposed on him by Franklin County as part of the penalty for his crime is unconstitutional. His remedy for this alleged wrong was to pursue direct appeals to the Court of Appeals and the Supreme Court of Virginia, and then to petition for certiorari review in the United States Supreme Court.

Songer could possibly raise a claim in this court for relief from future custody under the allegedly unlawful release condition, but he may do so only in a petition for a writ of habeas corpus, not in this § 1983 suit. *See, e.g., Henderson v. Bryant*, 606 F. App'x 301, 303 (7th Cir. 2015) (unpublished) (finding that detainee could challenge unconstitutional release condition through habeas petition). I

could recharacterize Songer's pro se § 1983 action as a habeas petition, but I find no indication that Songer has exhausted available state court remedies as required under 28 U.S.C. § 2254(b).[3] Until he does so, I could not grant the relief he seeks. Therefore, I decline to consider his current submission as a habeas petition.

Songer's claims for monetary damages related to his criminal sentence must be dismissed for another reason. Civil actions for monetary damages are barred when a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A successful § 1983 action would imply the invalidity of Songer's criminal sentence. Accordingly, he is barred from pursuing such an action until he has otherwise invalidated the release condition through state proceedings or through a § 2254 petition. *Id.* at 489-90.

Finally, I must also summarily dismiss Songer's conspiracy allegations as frivolous. Under 28 U.S.C. § 1915(e)(2)(b), I have authority to "pierce the veil of the complaint's factual allegations," meaning that I am not bound to "accept without question the truth of the plaintiff's allegations" as I might be when

---

[3] Songer is advised that to fulfill the exhaustion requirement, he can file a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B); or he may file a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(A)(1). Whichever route he follows, he must ultimately present his claim to the Supreme Court of Virginia and receive a ruling before his claim would be considered exhausted under § 2254(b).

considering a motion under Rule 12(b)(6). *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (applying prior version of in forma pauperis statute). "While that authority does not authorize the district court to engage in factfinding to resolve disputed facts, it does permit the court to apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (applying prior version of in forma pauperis statute).

Songer simply provides no factual basis for his claim that officials jointly contrived to violate his constitutional rights by having the court include in its sentencing order suspending of three-quarters of his prison time on the condition that he stay out of Franklin County.[4] *See Davis v. Walmart Stores East, L.P.*, 687 F. App'x 307, 311 (4th Cir. 2017) (unpublished) (holding that "[e]stablishing a civil conspiracy under 42 U.S.C. § 1983 requires a plaintiff to show that Defendants 'acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right'") (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th

---

[4] Songer's claims against the individual defendants also fail because he does not state how each of them was personally involved in the alleged violations. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that to hold officer liable under § 1983, plaintiff must state facts that affirmatively show how officer acted personally to deprive him of constitutional rights). Moreover, it was the judge, rather than any of the defendants, who issued the sentencing order that contains the condition of release banning Songer from the county for twenty years.

Cir. 1996)). Thus, I am satisfied that Songer's conspiracy claim falls squarely within the unsupported and delusional contentions that I may reject as frivolous under § 1915(e)(2)(B)(i).

For the stated reasons, I will summarily dismiss this case, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous. A separate Order will be entered herewith.

DATED: November 29, 2018

/s/ James P. Jones
United States District Judge